Hill *v.* Kemble.

---

### HILL *v.* KEMBLE *et al.*

The sureties, upon the official bond of an officer, are only responsible for the official acts, and not for private debts.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

This was an action on the official bond of constable George Haycock, to recover the sum of $428, alleged to have been collected by said Haycock, on two several executions.

In the month of July, 1855, Haycock, as constable, received an execution issued out of Justice Sibley's Court, in favor of plaintiff, Hill, against Newman and others, for the sum of —— dollars, upon which execution Haycock collected the sum of

Hill v. Kemble.

$217. Sometime in the same month, Hill recovered a judgment in said Justice's Court, against McAllister, for $185. No execution was issued on this judgment. Subsequently Haycock purchased of McAllister a mining-claim, and paid for the same by satisfying this judgment. Hill assented to this arrangement, and agreed to look to Haycock for the amount of the judgment.

The money on the Newman execution was put in Haycock's safe; Hill was notified of its collection, and that the money was ready for him. Hill said that he had no use for it, and that if Haycock wished to use it he could do so. Haycock afterwards used the money. Three or four months after this Hill called on Haycock for the money, and, he not being able to pay it, it was agreed that Haycock should pay interest on the amount, at the rate of two per cent. per month. Haycock paid $50 of the amount, to Hill's attorney. Judgment was rendered in favor of defendants, from which plaintiff appealed.

*C. J. Hillyer* for Appellant.

The plaintiff is entitled to recover from the sureties. Reynolds *v.* Wood, 5 Wend., 502; Fulton *v.* Matthews & Mudge, 15 John., 432; Burge on Suretyship, 203, 204.

*C. A. Tuttle* for Respondents.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurrring.

The facts, as found by the Court, fully support the judgment.

The sureties, upon the official bond of an officer, are only responsible for his official acts, and not for private debts he may contract on his individual account.

From the time when plaintiff declined to receive the money collected on his execution, and gave the officer permission to use it, it became a loan, for which the officer was individually responsible.

Upon the second judgment, no sum was ever collected by the constable, nor was any execution ever placed in his hands. By an agreement between the parties, the officer purchased a piece of property from the judgment-debtor, and assumed the payment of the debt.

Judgment affirmed.